UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARINA JIMENEZ GARCIA,**<br><br>      Plaintiff,<br><br>      vs.<br><br>**SERGIO ALBARRAN, ET AL.,**<br><br>      Defendants. | Case No.: 4:25-cv-06916-YGR<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS AND OFFICER THOMAS AUER SHOULD NOT BE HELD IN CIVIL CONTEMPT** |

Pending before the Court is plaintiff Marina Jimenez Garcia's petition for a writ of habeas corpus. (Dkt. No. 1.) On August 17, 2025, the duty judge for the Northern District of California issued a temporary restraining order ("TRO") to preserve the status quo ante in this action and require defendants to immediately release plaintiff from their custody. (Dkt. No. 6.) On August 29, 2025, this Court issued a preliminary injunction enjoining and restraining defendants from re-detaining plaintiff without notice and a pre-deprivation hearing and from transferring plaintiff out of this district or deporting her during the pendency of this action. (Dkt. No. 22.) Defendants filed their response to the petition on January 20, 2026 (Dkt. No. 32), and plaintiff filed her traverse on February 6, 2026 (Dkt. No. 34).

In defendants' response to the petition, they indicate that Immigration and Customs Enforcement ("ICE") filed a motion to dismiss plaintiff's underlying removal proceedings on August 20, 2025 in immigration court. They further indicate that an immigration judge granted the motion on September 3, 2025 and that on October 6, 2025, ICE officers processed plaintiff for expedited removal under section 235(b)(1) of the Immigration and Nationality Act (codified at 8 U.S.C. Section 1225(b)(1)). ICE officers thereafter referred plaintiff to U.S. Citizenship and Immigration Services for a credible fear interview. Defendants concurrently filed with their response a sworn declaration by ICE Deportation Officer Thomas Auer attesting to the same. (Dkt. No. 32-1.) Officer Auer is assigned to plaintiff's case and is responsible for "placing aliens into removal proceedings and

monitoring case progression, evaluating bond status, and enforcing final orders of removal." (*Id.* ¶¶ 2, 4.)

In plaintiff's traverse, she indicates that her credible fear interview is scheduled for February 24, 2026. Plaintiff also contends that defendants violated a district court order staying agency action to institute expedited removal proceedings against noncitizens like her who "had been living in the United States for between 14 days and 2 years and had never been in expedited removal proceedings before." Citing *Make the Rd. New York v. Noem*, No. 25-CV-190 (JMC), 2025 WL 2494908 (D.D.C. Aug. 29, 2025).

Upon consideration of the above, defendants are hereby **ORDERED TO SHOW CAUSE** why they and Officer Auer should not be held in civil contempt for violating the following three court orders, either in fact or in spirit,[1] by moving to dismiss plaintiff's removal proceedings on August 20, 2025 and then instituting expedited removal proceedings against plaintiff on October 6, 2025 which, by definition, have a more lenient standard:

1. Order Granting TRO issued on August 17, 2025 in this action, which held that:
   > Petitioner's Motion for Temporary Restraining Order is **GRANTED *to preserve the status quo*** pending further briefing and a hearing on this matter. Respondents are **ORDERED** to immediately release Petitioner from Respondents' custody and **ENJOINED AND RESTRAINED** from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing United States District Court Northern District of California her from the United States.

   (Dkt. No. 6 at 5–6 (emphasis supplied).)

2. Order Granting Preliminary Injunction issued on August 29, 2025 in this action, which held that:
   > Respondents are **ENJOINED AND RESTRAINED** from re-detaining petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker where the government bears the burden of proving by clear and convincing evidence that changed circumstances render her a danger to the community or a flight risk,

---

[1] *See Epic Games, Inc. v. Apple Inc.*, 781 F. Supp. 3d 943, 990–91 (N.D. Cal. 2025), *aff'd in part, rev'd in part and remanded,* 161 F.4th 1162 (9th Cir. 2025) ("[C]ourts within this and other circuits will look to the spirit of the injunction when a litigant applies a dubiously literal interpretation of the injunction, particularly where that interpretation is designed to evade the injunction's goals.").

2

and that no conditions other than her detention would be sufficient to prevent such harms. . . . Respondents are **ENJOINED** from transferring Petitioner out of this district or deporting her pending these habeas proceedings.

(Dkt. No. 22 at 12.)

3. Judge Jia M. Cobb's order issued on August 29, 2025 in *Make the Road New York* staying agency action under 5 U.S.C. Section 705 to institute expedited removal proceedings against noncitizens "who have been continuously present in the United States for at least 14 days but for less than two years," which the court found likely violates the Due Process Clause. *See* 2025 WL 2494908, at *5, *9–19, *23 (quoting Designating Aliens for Expedited Removal, 90 Fed. Reg. 8139, 8139 (Jan. 24, 2025)); *see also Make the Rd. New York v. Noem*, No. 25-CV-190 (JMC), 2025 WL 2576701, at *1–2 (D.D.C. Sept. 5, 2025) (rejecting the Government's argument that the court's remedy should be limited to members of the plaintiff organization under *Trump v. CASA, Inc.*, 606 U.S. 831 (2025)).

An in-person hearing on this Order to Show Cause will be held on **Tuesday, February 17, 2026**, on the Court's **1:30 p.m.** calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California, in Courtroom 1. If an evidentiary hearing is required, one will be scheduled at that time.

Defendants and Officer Auer **SHALL** file a written response to this Order by no later than **Thursday, February 12, 2026** at **12:00 p.m. (noon)**. Plaintiff **SHALL** file a reply by no later than **Friday, February 13, 2026** at **3:00 p.m.**

If the Court holds defendants and Officer Auer to be in civil contempt, an appropriate sanction shall issue. Such sanctions may include ordering defendants and Officer Auer to pay daily fines until they demonstrate compliance with the above-referenced orders, to pay compensatory damages to plaintiff, and/or to pay plaintiff's reasonable attorneys' fees and costs.

The Clerk is instructed to serve a courtesy copy of this Order via email on counsel for the parties.

**IT IS SO ORDERED.**

Dated: February 10, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**